IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN -2 AM 6: 37

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| JOSEPH LIBERTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-2870 |
| | ) | |
| SHELBY COUNTY, GOVERNMENT, | ) | |
| A.C. GILLESS, MARRON HOPKINS, | ) | |
| and JIM ROUT, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the motion of Defendant A.C. Gilless ("Defendant"), deceased, through his counsel of record, to dismiss the action as to Defendant. For the reasons stated herein, the Court DENIES Defendant's motion to dismiss.

On December 6, 2004, Defendant, through his counsel of record, filed a Suggestion of Death, as required by Rule 25(a) of the Federal Rules of Civil Procedure. Neither Plaintiff nor Defendant's representatives have filed a motion for substitution. On March 24, 2005, Defendant filed a motion to dismiss, asserting that Plaintiff did not file a motion for substitution within ninety days of the filing of the Suggestion of Death, as required by Rule 25. Thus, Defendant contends that the lawsuit as to Defendant must be dismissed.

Rule 25 of the Federal Rules of Civil Procedure states in pertinent part:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 . . . and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _6-2-05_

is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed.R.Civ.P. 25(a)(1). In this case, a formal Suggestion of Gilless' Death was filed in this Court on December 6, 2004 and was served on counsel for Plaintiff in accordance with Rule 25(a)(1). Plaintiff made no motion to substitute Gilless' estate as a party within the ninety-day period after the filing of the Suggestion of Death. Furthermore, Plaintiff has not responded to Defendant's motion to dismiss. Thus, Plaintiff has not satisfied the requirements of Rule 25.

However, before the claims against Defendant can be dismissed, the Court must first determine whether the Suggestion of Death filed by Defendant was sufficient. Dietrich v. Burrows, 164 F.R.D. 220, 222 (N.D. Ohio 1995). In Dietrich, the Court held that if the Suggestion of Death does not identify the representative that the Plaintiff should substitute, the Suggestion of Death "is itself infirm" and Plaintiff's ninety days cannot begin to run. Id. "The law is well settled that the Suggestion of Death must identify the successor or representative of the deceased. . . . The Suggestion of Death filed in this case does not do so. . . . The 90-day period never began to run because no sufficient Suggestion of Death was filed with the Court." Id. (internal citations omitted). See also, Smith v. Planas, 151 F.R.D. 547, 549 (S.D.N.Y. 1993) (holding that Suggestion of Death was invalid and did not invoke the 90-day limit because it did not identify the representative who could be substituted for the decedent, and dismissing without prejudice Plaintiff's motion for substitution); McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir. 1985) (holding that the 90-day time limit did not begin to run until Defendant named a representative for the estate of the decedent); Rende v. Kay, 415 F.2d 983, 986 (D.C. Cir. 1969) ("No injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as

2

a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased.").

In the instant case, Defendant's Suggestion of Death did not identify a representative for the estate of Gilless. Thus, the Suggestion of Death itself was insufficient and did not trigger the 90-day limit for Plaintiff's motion for substitution. Thus, Plaintiff's time frame for filing a motion for substitution has not yet begun.

Accordingly, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED** this ___ day of June, 2005.

BERNICE BOUIE DONALD
UNITED STATE DISTRICT JUDGE

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 62 in case 2:01-CV-02870 was distributed by fax, mail, or direct printing on June 2, 2005 to the parties listed.

---

Mike Stephenson
P.O. Box 1599
West Memphis, AR 72303--159

Kent J. Rubens
RIEVES RUBENS & MAYTON
P.O. Box 1359
West Memphis, AR 72303--133

Brian L. Kuhn
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Fred E. Jones
CITY ATTORNEY'S OFFICE-Memphis
125 N. Main Street
Ste. 314
Memphis, TN 38103

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Timothy O. Dudley
DUDLEY & COMPTON
114 S. Pulaski St.
Little Rock, AR 72201

Honorable Bernice Donald
US DISTRICT COURT